ASSOCIATED INDUSTRIES OF
ALABAMA, INC., et al.,
Plaintiffs-Appellees,

v.

Russell E. TRAIN, Administrator,
Environmental Protection Agency,
et al., Defendants,

State of Alabama, Movant-Appellant.

No. 75-2624.

United States Court of Appeals,
Fifth Circuit.

Dec. 13, 1976.

William J. Baxley, Atty. Gen. of Ala.,
Henry H. Caddell, Asst. Atty. Gen., Chief
Environmental Prot. Div., David E. Dunn,
III, Asst. Atty. Gen., Montgomery, Ala., for
movant-appellant.

L. Murray Alley, Fournier J. Gale, III,
Kibry Sevier, Birmingham, Ala., for Associ-
ated Ind.

Robert G. Tate, J. Ross Forman, III, Bir-
mingham, Ala., for U. S. Steel Corp.

Wayman G. Sherrer, U. S. Atty., Bir-
mingham, Ala., Patrick A. Mulloy, John J.
Zimmerman, Land & Natural Resources,
Lawrence E. Shearer, Wallace H. Johnson,
Jacques B. Gelin, Dept. of Justice, Wash-
ington, D. C., for other interested parties.

Before RIVES,* GEWIN and MORGAN,
Circuit Judges.

GEWIN, Circuit Judge:

The genesis of this litigation is a suit
against officials of the Environmental Pro-
tection Agency (EPA) by several Alabama
industrial water-using companies. The
plaintiffs in the underlying action sought
*inter alia* an order invalidating certain
EPA-promulgated water quality standards
for Alabama. The State of Alabama, act-
ing through its Attorney General, filed a
motion to intervene in behalf of the federal

---

* Judge Rives was a member of the panel that
heard oral argument but due to illness did not
participate in this decision. The case is being
decided by a quorum. 28 U.S.C. § 46(d).

agency defendants,[1] which the district court denied. After carefully considering the record, the briefs, and oral argument of counsel, we affirm.

A brief review of the procedural and factual underpinning of this case points out the correctness of the district court's order. Moreover, such review is necessary to place Alabama's motion to intervene in its proper perspective. The gravamen of plaintiff's action can be succinctly stated as alleging that the EPA acted in a manner that was "arbitrary, capricious, not otherwise in accordance with law, contrary to the requirements and policies of the [Federal Water Pollution Control] Act, and in excess of EPA's statutory authority"[2] when it disapproved certain water quality standards promulgated by the Alabama Water Improvement Commission, and substituted stricter standards for those rejected. The Attorney General moved for intervention "because the citizens of Alabama will be directly affected by the disposition of this action and because the interests of the State of Alabama are not adequately represented by existing parties."[3] The district court held *contra* to Alabama's motion: "For all that

appears in the motion the positions of Alabama and the United States are identical; and there are no distinctions found by the Court which would either be enhanced by the presence of Alabama or cause Alabama harm if it were not permitted to intervene."[4]

On appeal, the Attorney General argues two points in asserting that the interests of the State of Alabama are not adequately represented herein.[5] He first alleges that the effect of a plaintiff's victory in this suit will be greater upon the State than upon the EPA. Secondly he points out his involvement in a permit case now pending before this court, the disposition of which will as a practical matter be greatly affected by the outcome of the present suit. In that case, *State of Alabama v. EPA*, No. 75–4435 (5th Cir., calendared for oral argument December, 1976), the Attorney General apparently attacks EPA's interpretation and implementation of its own standard. It is contended without detail or supporting pleadings or proof that the EPA's position in the permit case demonstrates a "lack of commitment" to the strict federal standard which it promulgated.[6]

1. The Attorney General does not contend on this appeal that the district judge abused his discretion in denying permissive intervention, Fed.R.Civ.P. 24(b)(2), and the record is devoid of anything to support such a claim; rather he asserts that the State should have been permitted to intervene as of right under Fed.R.Civ.P. 24(a)(2):

> *(a) Intervention of Right.* Upon timely application anyone shall be permitted to intervene in an action . . . (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

2. Plaintiff's complaint, App. pp. 12, 13.

3. Appellant's motion to intervene, App. p. 20.

4. District Court order denying motion to intervene, App. p. 29.

5. The State also cites cases establishing its right and standing to defend the rights of its citizens as parens patriae, including standing to sue for the protection of citizens of Alabama.

*Florida ex rel. Shevin v. Exxon Corp.*, 526 F.2d 266 (5th Cir. 1976); *Alabama ex rel. Baxley v. Corps of Engineers*, 411 F.Supp. 1261 (N.D.Ala. 1976). That such standing may exist is not at issue herein. The district court did not premise its denial of the motion for leave to intervene on lack of standing in the State or the Attorney General.

6. The Alabama Water Improvement Commission (AWIC) has taken no action to intervene in this case. In his motion to intervene the Attorney General claims to represent the interest "of the people" of the state. It was asserted at oral argument that the Attorney General of Alabama and the AWIC are not in agreement. At one point in the argument counsel for the Attorney General stated that the Attorney General had lost confidence in the AWIC and relies upon the more stringent standards of EPA. On the other hand, it is claimed that EPA is not implementing and will not implement its own standards. Although the Attorney General wishes to intervene on the side of EPA, it was asserted at oral argument that he doubts the commitment of EPA or AWIC to the enforcement of standards set forth under the 1972 amendments. It is contended that the Attorney General of Alabama has authority to

In the judgment of this court, neither of these alleged inadequacies reflects upon the vigor or effectiveness of the defense of the EPA standards being offered on behalf of defendants by the U. S. Department of Justice. The fact that the Attorney General of Alabama may disagree with the EPA's interpretation of its own standard does not cast doubt upon the will of EPA to defend the legality of the promulgation of the standard, which is the only issue in this case.[7] On the contrary, this court finds that the position of Alabama and of the EPA defendants regarding this litigation are identical.[8] No claim or defense on behalf of Alabama has been suggested which is not or will not be asserted by the EPA defendants. This court finds no aspect of the case that would be illuminated by Alabama's presence in the suit, and no way in which its absence can harm the State. Simply stated the appellant has failed to demonstrate to this court that error was committed by the trial court.

AFFIRMED.

enforce the Act without any particular regulation. The foregoing are the basic reasons presented at oral argument in favor of intervention in this suit. Even if such subjective considerations were here relevant we find nothing in the record to support these assertions.

7. The interests of the State of Alabama in this lawsuit arises from the fact that plaintiffs are asking the Court to invalidate the EPA standard of "fish and wildlife" promulgated for a large number of severely polluted Alabama streams on November 26, 1974. If such relief is granted to plaintiffs, the citizens of Alabama will be deprived of the protection and benefit of having this strict water quality standard applied to the state's most polluted streams. *Movant alleges that this water quality standard was duly and properly promulgated by the Environmental Protection Agency* and that the citizens of Alabama are entitled to the protection of that standard.

Appellant's motion to intervene, App. pp. 20–21 (emphasis added). When the issue for decision in this case is stated in terms of the legality of the EPA promulgation under § 303 of the Federal Water Pollution Control Act Amendments of 1972, 33 U.S.C. § 1313, it is apparent from the motion to intervene that Alabama's "interests" in the litigation are "adequately represented by existing parties."

8. Appellant contends that its failure to comply with the technical requirements of Fed.R.Civ.P. 24(c) should not preclude a decision on the merits. Argument of this issue evidences an apparent misreading of the district court's order, for instead of basing its denial of appellant's motion on Alabama's failure to attach a pleading to its motion, the court merely used that as an example of why appellant's interests were adequately represented:

> [T]he failure of Alabama to comply with the provisions of Fed.R.Civ.P. 24(c) for filing a pleading setting forth the claim or defense for which intervention is sought indicates there is no claim or defense Alabama could assert which is not (or will not be) asserted by the United States.

District Court order denying motion to intervene, App. p. 30. Alabama's failure to comply with Rule 24(c) is, therefore, not in issue.