**550**

STATE OF TEXAS, et al., Petitioners,

v.

UNITED STATES DEPARTMENT OF ENERGY and Donald Paul Hodel, Secretary, United States Department of Energy, Respondents,

Arizona Nuclear Power Project, Baltimore Gas & Electric Company, Boston Edison Company, Carolina Power & Light Company, the Cleveland Electric Illuminating Company, Commonwealth Edison Company, Consolidated Edison Co. of New York, Inc., Duke Power Company, Florida Power & Light Company, Georgia Power Company, Gulf States Utilities Company, Kansas City Power & Light Company, Kansas Electric Power Cooperative, Inc., Kansas Gas & Electric Company, Middle South Services, Inc., New York Power Authority, Niagara Mohawk Power Corporation, Northeast Utilities, Omaha Public Power District, Pacific Gas & Electric Company, Pennsylvania Power & Light Company, Philadelphia Electric Company, Public Service Company of Colorado, Rochester Gas & Electric Corporation, Sacramento Municipal Utility District, Southern California Edison Company, Toledo Edison Company, Union Electric Company, Virginia Electric & Power Company, Wisconsin Electric Power Company, Wisconsin Public Service Corporation, Movants for Leave to Intervene.

No. 84–4826.

United States Court of Appeals,
Fifth Circuit.

Feb. 20, 1985.

Renea Hicks, Asst. Atty. Gen., Austin, Tex., for petitioners.

Hector & Associates, P.A., Alice G. Hector, Hollis A. Whitson, Albuquerque, ·N.M., for Devin, et al.

Office of General Counsel, Dept. of Energy, Washington, D.C., for respondents.

Newman & Holtzinger, Washington, D.C., for amicus curiae Arizona Nuclear Power.

John A. Bryson, Martin W. Matzen, Attys., Dept. of Justice, Appellate Sec. Land & Natural Resources Div., Washington, D.C., for U.S. Dept. of Energy.

## ORDER

■ Thirty-one utilities have moved to intervene in an action filed by Texas in this court for review of the Department of Energy's designation of several sites in West Texas as potential long-term nuclear waste depositories. Because they have no defined role in the statutory scheme at issue other than providing funding for the Nuclear Waste Policy Act, because they have no legally protectable interest that might be affected by the outcome of this proceeding, and because the DOE adequately represents the utilities' interests, the motion to intervene is DENIED.

### I

The Nuclear Waste Policy Act of 1982, 42 U.S.C. § 10101 *et seq.*, is a comprehensive statute providing for the establishment by the Department of Energy of a geologic depository for the disposal of high-level radioactive waste. On December 19, 1984 Texas challenged in this court the validity of certain actions taken by the Secretary under the NWPA in connection with its designation of two sites in Texas as potential depository locations.

Although the Secretary administers the NWPA program for locating and establishing disposal facilities, the program is funded through required contributions to the Nuclear Waste Fund by utilities who generate electricity through the use of commercial nuclear power plants. *See* 42 U.S.C. § 10222. All thirty-one utilities seeking to intervene contribute to the Nuclear Waste Fund under the NWPA, and, assertedly, monies are being paid into the Fund at the rate of $1 million per day. The utilities' alleged interest in the action is to ensure that the NWPA program for establishing disposal sites is not delayed by successful litigation against the Secretary by parties such as Texas. Any delay, the utilities argue, will increase the demands on the Fund to which the utilities contribute.

### II

■ Rule 15(d) of the Federal Rules of Appellate Procedure governs interventions in administrative appeals such as this one. That rule provides no standard for resolving intervention questions, but the Court has identified two considerations: first, the statutory design of the act and second, the policies underlying intervention in the trial courts pursuant to Fed.R.Civ.P. 24. *International Union, United Automobile, Aerospace and Agricultural Implement Workers v. Scofield*, 382 U.S. 205, 86 S.Ct. 373, 15 L.Ed.2d 272 (1965).

–1–

Texas argues that, save for funding obligations, the utilities are effectively excluded from the program to establish depositories under the NWPA. That program, according to Texas, provides roles for the states and the DOE in the site selection process but omits any role for utilities. Hence, Texas argues, the scheme of the NWPA counsels against permitting intervention by the utilities in this appeal because their only asserted interest is to protect the Fund from greater demands as a result of potential delays in the establishment of disposal sites because of this litigation. Such an interest, the state suggests, is analogous to a *Frothingham*-type argument that taxpayers have standing to challenge government programs. The utilities respond that there is nothing in the NWPA to imply that their interests should be excluded in NWPA review proceedings, and

further, that because financing the NWPA is a significant statutory responsibility, the utilities cannot be said to be excluded from its scheme.

I am persuaded by the argument of Texas. In *Scofield* the Supreme Court found that the scheme for review of NLRB proceedings justified permitting intervention in the appellate process. The intervenor was a union who had been successful in an NLRB proceeding its employees had brought against it. The employees sought review in the Seventh Circuit and the General Counsel of the NLRB defended the Board's decision. The Seventh Circuit denied the Union the right to intervene in the appeal. The Supreme Court reversed concluding that the NLRB statutory scheme warranted intervention. The Court noted, for example, that considerations of judicial economy favored intervention, because if the reviewing court returned the case to the Board, the likely result would be entry of judgment against the Union following further proceedings, which decision would then be appealed to the circuit court by the Union. Moreover, the Union, as a participant in the proceedings below, was intimately involved with the issues before the reviewing court, and the Court thought it anomalous to construe the right to intervention so that a party should suffer by his own success before the agency. In contrast, there are no real "rights" of the utilities being litigated here. The utilities were not involved in the proceeding below, nor would they have any basis for suing regardless of the outcome in this appeal. Texas correctly points out that the utilities' only participation in the statutory scheme of the NWPA is in funding it, and while that role is important, it does not give the utilities such a special interest in every action taken by the DOE pursuant to the NWPA as to require their intervention.

–2–

■ The policies of Fed.R.Civ.P. 24 also counsel against permitting intervention here. There is no statutory basis for intervention under Rule 24(a)(1), thus the inquiry is whether there should be intervention as of right under Rule 24(a)(2). Intervention under Rule 24(a)(2) has four requirements:

(1) the application for intervention must be timely;

(2) the applicant must have an interest relating to the property or transaction which is the subject of the action;

(3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest; and

(4) the applicant's interest must be inadequately represented by the existing parties to the suit.

*NOPSI v. United Gas Pipeline Co.*, 732 F.2d 452, 463 (5th Cir.1984) (en banc).

Assuming it to have been timely, the utilities' motion to intervene fails under any of the remaining three criteria. Requirements (2) and (3) go to the utilities' role in the statutory scheme. The utilities suggest that their role as providers of funding for a specific program gives them a significantly greater interest here than that asserted by taxpayers in the Article III standing cases. But conceding that the outcome of this appeal might somehow increase the utilities' obligations as the source of funding for the NWPA, we have held that the "interest" sufficient to warrant intervention under Rule 24(a)(2) must be "direct, substantial, and legally protectable," *NOPSI*, 732 F.2d at 463, and "an economic interest [that might be adversely affected by the outcome of the case] alone is insufficient...." *Id.* at 466. If the DOE's administration of the Fund were being challenged, intervention by the utilities would arguably be appropriate, but the Fund is not at issue here. The Fund is only implicated if the utilities' speculation is accurate that there might be significant delays in the DOE's location of depositories, and thus supposedly more demands on the Fund, should Texas prevail in its suit. This asserted "interest" is only indirectly related to site location in Texas. If a sufficient interest to support intervention is found here, it would be difficult on a principled basis to hereafter deny to the utilities,

as funders of the NWPA, an intervention in any action taken by the DOE pursuant to the NWPA.

But the petition for leave to intervene is further flawed. Even with a protectable interest, the utilities have made no showing that the federal government will not adequately represent their interests on appeal. There is a suggestion in the cases that where, as here, the existing representative in the suit is the government, there is a presumption of adequate representation which may be overcome by the intervenor only upon a showing of adversity of interest, the representative's collusion with the opposing party, or nonfeasance by the representative. *Sam Fox Publishing Co. v. United States,* 366 U.S. 683, 689, 81 S.Ct. 1309, 1313, 6 L.Ed.2d 604 (1961) (dictum); 7A C. Wright & A. Miller, *Federal Practice & Procedure* § 1909 at 525–29 (1972). Indeed this presumption was adopted by a panel of this court in *Baker v. Wade,* 743 F.2d 236, 241 (5th Cir.1984) (rehearing en banc pending). The utilities have made no showing of such adversity of interest, collusion or nonfeasance.

Presumptions aside, the utilities have articulated no reason why the government will not adequately represent their interests in the pending appeal. The utilities have not been involved in the site selection proceedings that have occurred thus far, and can offer no special expertise on the administrative law issues that will be argued in the appeal—that is, whether the Secretary followed the dictates of the NWPA in selecting and identifying potentially acceptable sites in Texas for a permanent waste depository. Thus the utilities have little basis for arguing inadequate representation.

Nor is permissive intervention under Rule 24(b)(2) appropriate, because the utilities have no claim or defense involving common questions of law or fact with those in the ongoing proceeding as required by the rule.

In sum, nothing in the statutory scheme of the NWPA nor in the policies underlying Fed.R.Civ.P. 24 justifies intervention. The utilities may seek to present their views as *amicus curiae,* and leave to do so is here granted. As this court noted in *Bush v. Viterna,* 740 F.2d 350, 359 (5th Cir.1984), "when he presents no new questions, a third party can contribute usually most effectively and always most expeditiously by a brief amicus curiae and not by intervention." The motion to intervene is DENIED and leave to proceed as amicus curiae in accord with a schedule to be set by the clerk and pursuant to our rules, is GRANTED.

/s/   Patrick E. Higginbotham
United States Circuit Judge