**GREGORY–PORTLAND INDEPEN-DENT SCHOOL DISTRICT et al., Plaintiffs-Appellees,**

v.

**TEXAS EDUCATION AGENCY and J. W. Edgar, Defendants,**

**United States of America, Movant-Appellant.**

**No. 76–2926.**

United States Court of Appeals, Fifth Circuit.

July 10, 1978.

Mark L. Gross, Brian K. Landsberg, Civ. Rights Div., Dept. of Justice, Washington, D. C., Edward B. McDonough, Jr., U. S. Atty., Houston, Tex., J. Stanley Pottinger, Asst. Atty. Gen., Walter W. Barnett, Dept. of Justice, Washington, D. C., for movant-appellant.

Richard A. Hall, J. W. Gary, Corpus Christi, Tex., for plaintiffs-appellees.

Before GEWIN, GODBOLD and MORGAN, Circuit Judges.

LEWIS R. MORGAN, Circuit Judge:

In this appeal, the United States seeks review of the decision of the district court for the Southern District of Texas denying the government's motion for intervention. Additionally, the government contends that

the district court lacked jurisdiction. We hold that the district court should have declined jurisdiction over the case because jurisdiction more properly exists in the Eastern District of Texas.

A little background is necessary for analysis. The United States and the Texas Education Agency (TEA), the State "Board of Education," are currently parties to a suit in the Eastern District of Texas, *United States v. State of Texas*, 321 F.Supp. 1043, 330 F.Supp. 235, aff'd and modified, 447 F.2d 441 (5th Cir. 1971), *cert. denied*, 404 U.S. 1016, 92 S.Ct. 675, 30 L.Ed.2d 663 (1972). The purpose of the *State of Texas* litigation was to force the TEA to carry out its responsibility to diminish racial segregation in schools. By order of the district court in the Eastern District, the TEA was to insure equal education opportunity by refusing to fund and accredit those school districts still discriminating on the basis of race. The orders were affirmed and modified by this court. 447 F.2d 441. The modification provided that the orders of the district court shall not affect the jurisdiction of other courts to entertain desegregation suits aimed at individual local districts.

The instant litigation is directly traceable to a letter sent by the TEA to the Gregory-Portland Independent School District informing the district that its racial makeup was in violation of the court orders in *State of Texas*. The school district was offered plans to conform to the *State of Texas* requirements, but the District refused. The letter ended with the admonition that after a ten-day notice period, accreditation would be lifted and funds withheld if the District did not comply. No ten-day notice was ever issued by the TEA, however.

The District then filed this action in the Southern District claiming that the action of the TEA in terminating accreditation violated due process of the law. The District sought a temporary injunction against TEA, a declaratory judgment that the District had not discriminated and an order permanently enjoining the TEA from suspending accreditation and disbursement of funds. The court agreed, essentially, and on January 30, 1976 granted claimants relief. On February 14, 1976, the government was informed of TEA's decision to forego appeal. The government then filed its motion for leave to intervene on appeal. Additionally, it challenged the jurisdiction of the Southern District to entertain a suit impinging upon the order of another court. The district court denied the government's motion because the motion was not timely, filed more than two years after the commencement of the suit and because the government did not have a substantive interest in the outcome of the suit. The government then appealed to this court.

Prior to any determination on the intervention issue, it is necessary for the court to satisfy itself that the case was properly heard below. The government contends that any action enjoining the application of the order of the court of the Eastern District should have been brought in that court and no other. Therefore, the government argues, upon filing, the district court for the Southern District should have transferred the action to the Eastern District, or abstained and dismissed the suit. We agree. In *Mann Manufacturing, Inc. v. Hortex*, 439 F.2d 403 (5th Cir. 1971), this court, in a similar situation, held that a district court should defer jurisdiction to another district court if the integrity of that court's continuing injunction jurisdiction is compromised. In *Mann Manufacturing, Inc.*, a New York district court enjoined Mann from bringing a patent action against Goodrich in Texas. Mann nevertheless brought suit in the district court for the Western District of Texas and the Texas court then enjoined Goodrich from proceeding on its motion in New York. In arriving at its holding that the Texas court should have declined jurisdiction, the court stated, partially quoting from *Lapin v. Shulton, Inc.*, 333 F.2d 169, 172 (9th Cir. 1964), *cert. denied*, 379 U.S. 904, 85 S.Ct. 193, 13 L.Ed.2d 177 (1964):

> When a court is confronted with an action that would involve it in a serious interference with or usurpation of this continuing power, 'considerations of comi-

ty and orderly administration of justice demand that the nonrendering court should decline jurisdiction . . . and remand the parties for their relief to the rendering court, so long as it is apparent that a remedy is available there.'

In the instant case, a continuing power over the order prescribing TEA conduct existed in the Eastern District Court. By enjoining the TEA from following the order, the Southern District seriously interfered with the power of the Eastern District Court to maintain the integrity of the order. Moreover, all of plaintiff's constitutional challenges could have as easily been made in the Eastern District so it is apparent relief was possible in that district. We therefore hold that because the injunction against TEA interfered with the integrity of the order from the Eastern District, the Southern District Court should have declined jurisdiction. We therefore direct the United States District Court for the Southern District to dissolve the injunction, to vacate all orders,[1] and to transfer the action to the proper court or dismiss.

REVERSED and REMANDED with instructions.

GODBOLD, Circuit Judge, specially concurring:

I agree with the result but reach it by a different route.

No party to this case, brought in the Southern District of Texas, appealed from the order of that district court, entered January 30, 1976, granting a permanent injunction. The United States timely moved to intervene after judgment, setting out that TEA had decided not to appeal. Post-judgment intervention for purposes of appeal is permissible upon a proper showing, and one of the reasons for allowing intervention is that the intervenor can prosecute an appeal that the existing but unsuccessful party has determined not to take.[1] We have jurisdiction of the appeal from the order of January 30, 1976, if, and only if, we first hold that the motion to intervene should have been granted. I would hold that the district court erred in refusing to permit intervention by the United States for purposes of appeal, and then, reaching the merits, would rule as does the majority.

The majority's approach, set out in text and in footnote 1, is that first it must satisfy itself whether the case was properly heard below, and upon such examination the majority concludes that the district court had no jurisdiction, thus "the appeal no longer exists." The error with this is, of course, that until the United States is permitted to intervene this court has no viable notice of appeal before it and no jurisdiction to examine the jurisdiction of the district court.

---

1. It is unnecessary to address the question of whether the district court erred in denying government's motion to intervene on appeal from the judgment of the court for the Southern District, because, as the court lacked jurisdiction the judgment is without force and the appeal no longer exists.

1. *United Air Lines, Inc. v. McDonald*, 432 U.S. 385, 97 S.Ct. 2464, 53 L.Ed.2d 423 (1977); Ro-

masanta v. United Airlines, Inc., 537 F.2d 915 (CA7, 1976); *State of Arizona v. Hunt*, 408 F.2d 1086 (CA6), cert. denied, 396 U.S. 845, 90 S.Ct. 81, 24 L.Ed.2d 95 (1969); *Pellagrino v. Nesbit*, 203 F.2d 463 (CA9, 1953); *Smuck v. Hobson*, 132 U.S.App.D.C. 372, 408 F.2d 175 (1969); 7A Wright & Miller, Federal Practice and Procedure § 1916 pp. 582–83.