Donald F. **BAKER,** Plaintiff-Appellee,

v.

Henry **WADE,** District Attorney of Dallas County, Texas, Etc., et al., Defendants,

Danny E. Hill, 47th District Attorney, Defendant-Appellant.

No. 82–1590.

United States Court of Appeals, Fifth Circuit.

Aug. 26, 1985.

Rehearing En Banc Denied Oct. 23, 1985.

William Charles Bundren, Roderic G. Steakley, Dallas, Tex., for Hill.

Donovan Campbell, Jr., Dallas, Tex., for amicus Doctors Against A.I.D.S.

James C. Barber, Dallas, Tex., for plaintiff-appellee.

Thomas J. Coleman, Jr., Houston, Tex., for amicus Texas Human Rights Foundation.

Abby R. Rubenfeld, Nan D. Hunter, New York City, for amicus Lambda Legal Defense & Education Fund, Inc.

Leonard Graff, San Francisco, Cal., for amicus National Gay Rights Advocates.

Robert R. Murdoch, Los Angeles, Cal., for amicus Medical Advisory Council of Aids Project/Los Angeles.

Mary F. Keller, Asst. Atty. Gen., Austin, Tex., for State of Tex.

Before CLARK, Chief Judge, GOLD-BERG, GEE, RUBIN, REAVLEY, POL-ITZ, RANDALL, TATE, JOHNSON, WIL-LIAMS, GARWOOD, JOLLY, HIGGIN-BOTHAM, DAVIS, HILL and JONES, Circuit Judges.*

REAVLEY, Circuit Judge:

Donald F. Baker, a homosexual, sought a declaration that Tex.Pen.Code Ann. § 21.06 (Vernon 1974) is unconstitutional. Section 21.06 proscribes "engag[ing] in deviate sexual intercourse with another individual of the same sex." *Id.*[1] The district court held that section 21.06 violates the constitutional protections of privacy and equal protection. *Baker v. Wade*, 553 F.Supp. 1121 (N.D.Tex.1982). Danny E. Hill, the district attorney of Potter County and a member of the defendant class, sought to appeal the district court's judgment. A panel of this court held that Hill did not have the right to intervene and prosecute the appeal. *Baker v. Wade*, 743 F.2d 236 (5th Cir.1984). We granted rehearing en banc and now hold that Hill is a proper appellant and that section 21.06 is constitutional.

## 1. Jurisdiction

Both Baker and Hill argue that the other is not properly before this court. Hill argues that Baker lacks standing to challenge the statute. Baker maintains that Hill could not appeal the district court judgment. We reject both arguments.

Baker has engaged in, and states that he will continue to engage in, homosexual activities proscribed by section 21.-06. The defendant class representatives agreed that violations of section 21.06 have been prosecuted and that they will prosecute future violations where probable cause exists. When a criminal statute is challenged, a plaintiff may demonstrate standing without first exposing himself to arrest. It is enough that there exists a credible threat of prosecution. *Babbitt v. United Farm Workers National Union*, 442 U.S. 289, 99 S.Ct. 2301, 60 L.Ed.2d 895 (1979).

Coming to our jurisdiction to hear Hill's appeal, as of the date of the entry of the district court's judgment Hill was a member of the class, was enjoined by that judgment, and as district attorney was a proper official under Texas law to represent the state. *See* Texas Const. art. 5 § 21; *State v. Gary*, 163 Tex. 565, 359 S.W.2d 456, 458 (1962); *Shepperd v. Alaniz*, 303 S.W.2d 846 (Tex.Civ.App.—San Antonio 1957, no writ). As the deadline for giving notice of appeal approached, Hill filed his own notice. Several days later the attorney general of Texas filed a timely notice. It then appeared that the issue of the constitutionality of the Texas statute would be placed before the appellate court. However, several months later the attorney general filed a motion in this court to withdraw his appeal. When Hill learned of this fact, he sought a mandamus in the Supreme Court of Texas to order the attorney general to pursue the appeal, to which the latter responded that Hill had an adequate remedy at law by means of the direct appeal of the federal case, and pointed out to the Texas court: "Petitioner Hill has already filed a timely notice of appeal in the Fifth Circuit of the very decision they seek to have appealed."

Hill promptly filed a motion to intervene and to substitute himself as the class representative, first with the district court and subsequently with this court. A judge of this court granted Hill's motion. Under the peculiar facts of this case the order granting intervention was justified because Hill's position satisfied the requirements of

---

* Judge Goldberg, now a senior judge of this circuit, is participating as a member of the panel initially deciding the appeal. 28 U.S.C. § 46(c) (1982).

1. Deviate sexual intercourse is defined as "any contact between any part of the genitals of one person and the mouth or anus of another person." Tex.Pen.Code Ann. § 21.01(1) (Vernon 1974).

Insofar as § 21.06 condemns public homosexual conduct, it overlaps Tex.Pen.Code Ann. § 21.07 (Vernon 1974), which proscribes, among other sexual acts, deviate sexual intercourse in public places.

both Fed.R.Civ.P. 23(d)(2) and 24(a)(2). His motion came as soon as he knew that his interests, affected by the judgment, i.e., the declaration of the unconstitutionality of the statute and the injunction against its enforcement, would be pursued. He would be seriously prejudiced were he not allowed to intervene, whereas allowing the appeal to proceed prejudiced no one. As a state official empowered by Texas law to enforce criminal laws, his interest and its impairment by the district court's judgment cannot be questioned. The adequacy of representation of intervenor's interests, and especially those of the class, is ordinarily an issue that would require hearing and determination by the district court. In this case where the district court has rejected binding Supreme Court authority, the circuit court is entitled to conclude as a matter of law that those interests were inadequately represented by those who failed to pursue the appeal and that the state officer seeking to intervene was a proper party to do so. *See United Airlines, Inc. v. McDonald,* 432 U.S. 385, 97 S.Ct. 2464, 53 L.Ed.2d 423 (1977); *Stallworth v. Monsanto Co.,* 558 F.2d 257 (5th Cir.1977); *F.W. Woolworth Co. v. Miscellaneous Warehousemen's Union, Local 781,* 629 F.2d 1204 (7th Cir.1980), *cert. denied,* 451 U.S. 937, 101 S.Ct. 2016, 68 L.Ed.2d 324 (1981).

## 2. Constitutionality of Section 21.06

The district court held that section 21.06 violated Baker's constitutional right to privacy and to equal protection of the law. *Baker v. Wade,* 553 F.Supp. 1121, 1141, 1143 (N.D.Tex.1982). Hill assails the district court's holding on the grounds that it fails to give effect to binding precedent and improperly expands constitutional principles. We agree.

### A. Right to privacy

◼ In *Doe v. Commonwealth's Attorney,* 425 U.S. 901, 96 S.Ct. 1489, 47 L.Ed.2d 751 (1976), the Supreme Court summarily affirmed the judgment of a three-judge dis-

trict court upholding the constitutionality of a Virginia sodomy statute similar to the Texas statute which is attacked in the present suit. We consider the decision of the Court in *Doe* to be binding upon us for the reasons stated by the District of Columbia Circuit in *Dronenburg v. Zech,* 741 F.2d 1388, 1391–92 (D.C.Cir.1984), and by Judge Kravitch in her dissent to the Eleventh Circuit opinion in *Hardwick v. Bowers,* 760 F.2d 1202, 1213–16 (11th Cir.1985). There can be no question but that the decision of the Supreme Court in *Doe* was on the merits of the case, not on the standing of the plaintiffs to bring the suit. We should follow that controlling authority until the Supreme Court itself has issued an unequivocal statement that *Doe* no longer controls. We refuse to speculate, on the basis of the writings cited to us by the appellee, about what the Court might do today on this issue.

### B. Equal Protection

◼ Because we have held that engaging in homosexual conduct is not a constitutionally protected liberty interest and because Baker has not cited any cases holding, and we refuse to hold, that homosexuals constitute a suspect or quasi-suspect classification, the standard of review is whether section 21.06 is rationally related to a legitimate state end. *McDonald v. Board of Election Commissioners,* 394 U.S. 802, 807–09, 89 S.Ct. 1404, 1408, 22 L.Ed.2d 739 (1969). In view of the strong objection to homosexual conduct, which has prevailed in Western culture for the past seven centuries, we cannot say that section 21.06 is "totally unrelated to the pursuit of," *id.* at 809, 89 S.Ct. at 1408, 22 L.Ed.2d at 745, implementing morality, a permissible state goal, *Berman v. Parker,* 348 U.S. 26, 32, 75 S.Ct. 98, 102, 99 L.Ed. 27 (1954); *Dronenburg v. Zech,* 741 F.2d 1388, 1398 (D.C.Cir.1984). Therefore, section 21.06 does not deprive Baker of equal protection of the laws.[2]

---

2. We note, additionally, that although the district court in *Doe* did not address equal protec-

tion, the jurisdictional statement presented the equal protection argument to the Court. Juris-

Because we hold that section 21.06 is constitutional, the injunction of the district court is vacated and the judgment is REVERSED.

GOLDBERG, Circuit Judge,, dissenting:

I concur wholeheartedly with Judge Rubin's cogent dissent.

Given that the majority sees fit to reach the merits, however, I would hold Texas's homosexual sodomy statute unconstitutional. As both the Eleventh Circuit and the district court below concluded, the Supreme Court's summary affirmance in *Doe v. Commonwealth's Attorney*, 425 U.S. 901, 96 S.Ct. 1489, 47 L.Ed.2d 751 (1976), *aff'g* 403 F.Supp. 1199 (E.D.Va.1975) (three-judge court), does not control our consideration of a state provision addressing "private consensual sexual behavior among adults," *Carey v. Population Services International*, 431 U.S. 678, 688 n. 5, 694 n. 17, 97 S.Ct. 2010, 2018 n. 5, 2021 n. 17, 52 L.Ed.2d 675 (1977). *See Hardwick v. Bowers*, 760 F.2d 1202 (11th Cir.1985); *Baker v. Wade*, 553 F.Supp. 1121 (N.D.Tex.1982). If ever there was a constitutional right to privacy, Texas has violated it by blatantly intruding into the private sex lives of fully consenting adults. Because this legislative trespass lacks a compelling state interest, I would hold this statute invalid on its face.

ALVIN B. RUBIN, Circuit Judge, with whom GOLDBERG, POLITZ, RANDALL, TATE, JOHNSON, and WILLIAMS, Circuit Judges, join, dissenting.

Determined to uphold the constitutionality of a Texas statute whatever obstacles bar the way, the majority opinion tramples every procedural rule it considers. No party to the suit has pursued this appeal, but the majority opinion recognizes an appeal filed by a class member who was not a class representative at the time he filed his appeal, permits a so-called intervention to be filed in the court of appeals by the same class member who sought to intervene only

dictional Statement for Appellant at 9–10, *Doe v. Commonwealth's Attorney*, 425 U.S. 901, 96 S.Ct.

in his own abortive appeal, and decides that the Texas Attorney General together with representatives of a class including all of its prosecutorial officials do not provide adequate representation for the State of Texas in a suit involving the constitutionality of a criminal statute, but that any of the 1085 Texas district, county, and city attorneys is an appropriate party to represent the state and assert its position in the court of appeals. The court's judicial sponsorship of Danny Hill as spokesman for the State of Texas is not only unprecedented but ill-advised. The Texas Attorney General and the class representatives, who have been found wanting in no way save in failing to press the appeal, have decided that the sovereign interests of the state are served by allowing the district court decision to stand. It is neither Hill's province nor ours to question that judgment.

If this en banc decision is precedent, it assuredly rewrites the adjective law. If it is not intended to be precedential, but only a special life-support contrivance, undertaken for the one purpose of salvaging the statute, it denies equal justice both to the litigants before us and to those who, in the future, will be denied equally extreme judicial measures. I, therefore, respectfully dissent from the decision not to dismiss the appeal.

I.

Let us first trace the procedural history of this case in somewhat greater detail. The complaint named as defendants Lee Holt, the City Attorney for Dallas, Texas, and Henry Wade, the District Attorney for Dallas County, in their official capacities, and sought a declaratory judgment that the Texas statute is unconstitutional. Later, Baker filed a motion to certify a defendant class of officials responsible for enforcement of the statute.

Before the motion was heard, the Attorney General of Texas was notified of the

1489, 47 L.Ed.2d 751 (1976).

suit, pursuant to 28 U.S.C. § 2403(b).[1] At the instance of Holt, the district court granted the State of Texas and the Attorney General "leave to intervene for the presentation of evidence and for argument on the question of the constitutionality of § 21.06," and the State of Texas filed what it titled a "Response of the State of Texas" to the complaint. Holt's assistant city attorney then wrote Thomas A. Curtis, the District Attorney of Potter County, Hill's predecessor in office, and thirty-nine other Texas officials, notifying each of the suit and the possibility of certification of a defendant class, and offering each an opportunity to intervene. Curtis did not seek to intervene nor did any other Texas district, county, or city attorney. Only then, and with the consent of the defendants, was the case certified as a defendant class action under Rule 23(b)(2) of the Federal Rules of Civil Procedure. The class was composed of "*all* district, county and city attorneys in the state of Texas responsible for the enforcement of Texas Penal Code Ann. § 21.-06," and represented by Holt and Wade. The order named as lead class counsel Holt's assistant city attorney Joe Werner and as associate class counsel Wade's assistant district attorney C.J. Baldree and state assistant attorney general Lonny Zwiener. The class was properly certified as a (b)(2) class because the suit involved only a question generally applicable to the class.

The district court rendered a judgment declaring the statute unconstitutional and enjoining its enforcement on September 30, 1982. Danny Hill was then neither a named defendant nor a class representa-tive, and he had never sought to intervene. Nonetheless, on October 28, Hill filed a notice of appeal. At that time, no named party had sought to appeal. Four days later the Attorney General of the State of Texas filed a notice of appeal on behalf of the State of Texas. Then, before any further proceedings in this court, the Attorney General withdrew his notice of appeal. Hill then unsuccessfully attempted to have the Texas Supreme Court mandamus the Attorney General, on March 28, 1983, to force him to pursue his Fifth Circuit appeal.

Hill next filed two motions in the district court on April 12, 1983. One was a motion to intervene and to "substitute" himself as class representative,[2] and the other was a motion to set aside the final judgment and reopen the evidence. These motions were not acted on by the district court until April 3, 1984, a year later. The correctness of that court's decision is not now before us.

While the district court motions were still pending, however, Hill filed a motion in this court to intervene and "substitute" himself as class representative.[3] In that motion, Hill explicitly acknowledged that "[o]n April 12, 1983, appellant filed a Motion to Intervene and Substitute Class Representative in the trial court. The trial court has not ruled on the Motions *[sic]*." On August 16, 1983, a judge of this court granted "appellant's motion to intervene and substitute class representative." To the extent that evidence, if it may be thus called, was offered in support of the motion, it consisted only of assertions in Hill's brief in support of the motion filed with this court.

---

**1.** 28 U.S.C. § 2403(b) reads as follows:

In any action, suit, or proceeding in a court of the United States to which a State or any agency, officer, or employee thereof is not a party, wherein the constitutionality of any statute of that State affecting the public interest is drawn in question, the court shall certify such fact to the attorney general of the State, and shall permit the State to intervene for presentation of evidence, if evidence is otherwise admissible in the case, and for argument on the question of constitutionality. The State shall, subject to the applicable provisions of law, have all the rights of a party and be subject to all liabilities of a party as to court costs to the extent necessary for a proper presentation of the facts and law relating to the question of constitutionality.

**2.** Procedurally, Hill's motion was not a request for substitution under Fed.R.Civ.P. 25, but was a motion to intervene and be named class representative under Fed.R.Civ.P. 23 and 24. *See* 7A C. Wright & A. Miller, Federal Practice and Procedure § 1951, at 638 (1972).

**3.** *See supra* note 2.

Two weeks before oral argument of the case, the trial court denied Hill's motion to intervene and substitute class representative and his motion to set aside the final judgment and reopen the evidence. It found that Hill had not shown that the current class representatives were inadequate or that he could adequately represent the class. It granted Hill leave to refile his motion, however, if he were prepared to make such a showing. From the trial court's denial of a motion to reconsider, that decision has since been appealed but the appeal has not yet been heard.

## II.

When Hill filed his notice of appeal, he was not a party to the case. He had no right to appeal. The majority does not hold that his appeal was properly lodged, for to do so would recognize that any class member may on his own motion appeal any judgment adversely affecting the class. Instead, it finds that this court has jurisdiction of the appeal because "[u]nder the peculiar facts of this case the order *granting intervention* was justified."[4] Thus, our jurisdiction is created by Hill's motion to intervene in an appeal filed only by Hill himself, the motion coming nine months after the notice of appeal.

This conclusion conveniently overlooks the question whether an intervention does not by its very nature require a subsisting action in which to intervene. An intervenor by definition does not create a suit or an appeal; he intervenes in an action that has already been undertaken. The majority does recognize that a problem is created

by its recognition of a motion to intervene never filed in or acted on by a district court, saying, "The adequacy of representation of intervenor's interests, and especially those of the class, is *ordinarily* an issue that would require hearing and determination by the district court."[5] The majority goes on, however, to assert that, in this case, the question is one of law, a sheer *ipse dixit*, for the three cases cited for this proposition, with the ambiguous reference, "See," provide no support for it whatsoever. Whether the interests of a would-be intervenor have been inadequately represented and whether the interests of a class of which he is a member have also been inadequately represented are factual questions, to be resolved by a trial court, not questions of law.

In *United Airlines, Inc. v. McDonald*,[6] the first of the cases cited in support of this court's admittedly extraordinary recognition of Hill as an intervenor, the Supreme Court considered the timeliness of a motion to intervene filed in the district court for the purpose of appealing that court's earlier denial of class action certification, and no more. The district court had denied the motion[7] to intervene and had earlier denied a motion for class certification. The Supreme Court held that, on the record made in the district court, the motion to intervene for the purpose of appealing the district court's earlier denial of class action certification was timely. The Supreme Court cited a number of lower federal court decisions consistent with its opinion.[8] In every one of these, a motion to intervene was filed in and ruled on by the district court.[9]

---

**4.** Opinion, 769 F.2d at 291 (emphasis added).

**5.** *Id.* (emphasis supplied).

**6.** 432 U.S. 385, 97 S.Ct. 2464, 53 L.Ed.2d 423 (1977).

**7.** *Id.* at 390, 97 S.Ct. at 2467, 53 L.Ed.2d at 429.

**8.** *See id.* at 395 n. 16, 97 S.Ct. at 2470 n. 16, 53 L.Ed.2d at 433 n. 16; *see also infra* note 9.

**9.** *See American Brake Shoe & Foundry Co. v. Interborough Rapid Transit Co.*, 3 F.R.D. 162

(S.D.N.Y.1942); *Pellegrino v. Nesbit*, 203 F.2d 463 (9th Cir.1953); *Hodgson v. United Mine Workers*, 473 F.2d 118, 129 (D.C.Cir.1972); *Smuck v. Hobson*, 408 F.2d 175, 181–82 (D.C.Cir. 1969); *Zuber v. Allen*, 387 F.2d 862 (D.C.Cir. 1967); *Hobson v. Hansen*, 44 F.R.D. 18, 29–30, n. 10 (D.D.C.1968); *Wolpe v. Poretsky*, 144 F.2d 505, 508 (D.C.Cir.), *cert. denied*, 323 U.S. 777, 65 S.Ct. 190, 89 L.Ed. 621 (1944); *United States Casualty Co. v. Taylor*, 64 F.2d 521, 526–527 (4th Cir.), *cert. denied*, 290 U.S. 639, 54 S.Ct. 56, 78 L.Ed. 555 (1933); *see also Trbovich v. United Mine Workers*, 404 U.S. 528, 92 S.Ct. 630, 30 L.Ed.2d 686 (1972).

Our decision in *Stallworth v. Monsanto Co.*,[10] the next authority cited, gives no greater support. In its first sentence, the opinion states the issue considered and decided: "These consolidated appeals are taken from the district court's denial of two petitions for leave to intervene under Rule 24...."[11] The Seventh Circuit, in *F.W. Woolworth Co. v. Miscellaneous Warehousemen's Union, Local No. 781*,[12] likewise considered only an appeal from the district court's denial of motions to intervene.[13] Indeed, in an opinion that has scarcely had time to reach the advance sheets, a panel of this court held, in *Fuel Oil Supply and Terminaling v. Gulf Oil Corp.*,[14] that whether a party has a right to intervene in a bankruptcy proceeding is a question of fact to be determined by the trial court.[15]

Rules 23(d)(2) and 24(a)(2) of the Federal Rules of Civil Procedure, which are relied upon by the majority, cannot sustain Hill's effort to intervene and create his own appeal in the court of appeals for they both deal, as Rule 1 plainly says, with "the procedure in the United States district courts." The "court" that may make appropriate orders, referred to in Rule 23(d)(2), which applies to class actions, is the district court in which the action is filed. The intervention permitted by Rule 24 is intervention in a pending action.

In *Johnson v. Georgia Highway Express, Inc.*,[16] we made it absolutely clear that the determination whether a class member would adequately and fairly represent the class and, thus, whether he should be named class representative is a determination for the trial court:

Whether [the class member] will adequately represent the class is a question of fact to be 'raised and resolved in the trial court in the usual manner,....'
.... Therefore, the court below, if it doubted appellant's ability to protect the interests of the class, could have had, and on remand still can have an evidentiary hearing on the issue.[17]

A federal court of appeals takes no evidence, creates no record, and decides no factual issues in the first instance. It is a court of review.

A motion filed in a district court by a nonparty who seeks to intervene in order to prosecute an appeal is significantly different from a motion filed in an appellate court by a nonparty who seeks to intervene in an existing appeal, and whether each kind of motion should be granted involves different judicial considerations. When the motion to intervene is filed in a district court, to enable the would-be intervenor to prosecute an appeal, evidence may be taken on such matters as whether the application is timely, whether the applicant's interest is adequately represented by existing parties, the nature and sufficiency of the would-be intervenor's interest, and any other questions pertinent to intervention, as required by Rule 24, or if the action is a class action, Rule 23. An appellate court may then review the district court's action on the basis of the record made in that court. When a motion is filed in an appellate court to intervene in an existing appeal, however, "a court of appeals may, but only in an exceptional case for imperative reasons, permit intervention where none was sought in the district court."[18] Thus we have refused to allow a nonparty to intervene on appeal when he was aware of the action in the district court and of his interest in it but failed to intervene in that court,[19] whereas we have allowed a nonparty who

**10.** 558 F.2d 257 (5th Cir.1977).

**11.** *Id.* at 260.

**12.** 629 F.2d 1204 (7th Cir.1980), *cert. denied,* 451 U.S. 937, 101 S.Ct. 2016, 68 L.Ed.2d 324 (1981).

**13.** *See id.* at 1208.

**14.** 762 F.2d 1283 (5th Cir.1985).

**15.** *Id.* at 1287–88.

**16.** 417 F.2d 1122 (5th Cir.1969).

**17.** *Id.* at 1124–25 (citation omitted).

**18.** *McKenna v. Pan American Petroleum Corp.,* 303 F.2d 778, 779 (5th Cir.1962).

**19.** *Id.*

had no notice of the action below to intervene when there was no opposition to his intervention on appeal.[20] Even in these cases, however, an appeal had already been taken by a party to the action, into which the nonparty sought to intervene, and no motions to intervene were pending in the lower courts.

A class member is not precluded from intervening after judgment. To do so, however, he must timely assert his right in the district court.[21] If his application is denied, he may then appeal from the order denying intervention. If no other appeal has been taken, Moore's Federal Practice states, he "may, probably *must*, file a notice of appeal from the judgment from which he seeks to appeal within the time prescribed by Rule 4a." [22] Then, "if the court of appeals reverses the order denying intervention, it will proceed with the merits." [23] On the other hand, "[i]f it affirms denial of intervention, it will dismiss the appeal from the judgment on the merits on ground of want of standing." [24]

Faced with a case similar to the one before this court, the District of Columbia Circuit held the appeal in abeyance and remanded the case to the trial court for its determination of the right to intervene.[25] In this case, district court has considered the motion, decided it, and an appeal from that decision has been taken. The validity of the district court proceedings and the merits of its decision should be considered when that appeal is heard.

## III.

Hill's membership in the class does not relieve him from meeting the requirements of Rule 24(a) for intervention.[26] Only if Hill meets those requirements may he intervene as a named party to this case.

A class member may intervene without displacing the class representatives. He may, however, choose another, and different, course: he may seek to have the designated class representatives removed for failure adequately to represent the class and seek to have himself designated as class representative. Hill does not dispute that the class representatives adequately represented the class in the trial court. His sole assertion of inadequacy is their failure to appeal. The class representatives' failure to appeal is a factor, but only a factor, in deciding whether their representation is adequate.[27] Hill has never demonstrated that by failing to appeal they have failed "fully and adequately to protect the interests of the class" as a whole, as required by Rule 23(a), as qualified by Rule 23(b)(2), the class action rules, or that as required by Rule 24, the intervention rule,

**20.** *See United States v. Bursey,* 515 F.2d 1228, 1238 & n. 24 (5th Cir.1975).

**21.** *See* 9 J. Moore, B. Ward & J. Lucas, Moore's Federal Practice ¶ 203.06, at 3–21 to 3–23 (1985); *see, e.g., United Airlines, Inc. v. McDonald,* 432 U.S. 385, 390, 394, 97 S.Ct. 2464, 2467, 2469–70, 53 L.Ed.2d 423, 429, 432 (1977).

**22.** 9 J.Moore, B. Ward, & J. Lucas, *supra* note 21 ¶ 203.06, at 3–22 (emphasis in original); *see, e.g., United Airlines, Inc. v. McDonald,* 432 U.S. 385, 390, 97 S.Ct. 2464, 2467, 53 L.Ed.2d 423, 429 (1977).

**23.** 9 J. Moore, B. Ward & J. Lucas, *supra* note 21 ¶ 203.06, at 3–22; *cf. Stallworth v. Monsanto Co.,* 558 F.2d 257, 263 (5th Cir.1977); *United States v. American Tel. & Tel. Co.,* 642 F.2d 1285, 1290 (D.C.Cir.1980); *Gregory-Portland Indep. School Dist.,* 576 F.2d 81, 83 (5th Cir.1978) (Godbold, J., concurring), *cert. denied,* 440 U.S. 946, 99 S.Ct. 1423, 59 L.Ed.2d 634 (1979).

**24.** 9 J. Moore, B. Ward & J. Lucas, *supra* note 21 ¶ 203.06, at 3–22 to 3–23; *cf. Pennsylvania v. Rizzo,* 530 F.2d 501, 508 (3d Cir.), *cert. denied sub nom., Fire Officers Union v. Pennsylvania,* 426 U.S. 921, 96 S.Ct. 2628, 49 L.Ed.2d 375 (1976); *Jones v. Caddo Parish School Bd.,* 735 F.2d 923, 938 (5th Cir.1984) (en banc).

**25.** *See Hobson v. Hansen,* 44 F.R.D. 18, 21 (D.D.C.1968).

**26.** *See* 7A C. Wright & A. Miller, *Federal Practice and Procedure* § 1799, at 252–55 (1972).

**27.** *Compare Smuck v. Hobson,* 408 F.2d 175, 181 (D.C.Cir.1969), *with Spangler v. Pasadena City Bd. of Educ.,* 427 F.2d 1352, 1354 (9th Cir.1970), *cert. denied sub nom., Alexander v. Pasadena City Bd. of Educ.,* 402 U.S. 943, 91 S.Ct. 1607, 29 L.Ed.2d 111 (1971); *see also* 7A C. Wright & A. Miller, Federal Practice and Procedure § 1909, at 532 (1972).

Hill's interest as a state official has not been adequately represented by them.

To determine whether the representatives have adequately represented the interest of the class as a whole, and consequently Hill's interest as a member of that class, we must define that interest. Danny Hill has no personal interest in this case, and indeed no member of the class has any personal interest in it. Hill's only interest, as he admits, stems from his office as District Attorney, and he seeks to appear before us only in that official capacity. No money judgment has been or will be rendered against him, even for costs, as a representative in his official capacity.[28] No judgment has been entered against him in his personal capacity.

That a district attorney is a proper official to represent the state for some purposes cannot be doubted. The issue here, however, is whether the interests of the state and of the class have been adequately and fully represented. In this respect the other class members have an interest identical to Hill's and indeed identical to the State's, for, in their official capacities, they have no interest greater than or different from the State's interest.[29] None of them has offered to us any indication of dissatisfaction with the action of their representatives.

The real party in interest[30] is the State of Texas, for it is the facial constitutionality of a state statute that is at issue. Whether the Texas Attorney General has power to prosecute for crimes and whether, in the absence of the Attorney General, suit to challenge the constitutionality of a state statute might be brought in federal court against some other official are not at issue here and are indeed irrelevant. Neither the Texas Constitution nor the two cases cited by the majority[31] give a district attorney authority to act for the state in a declaratory judgment action in federal court in which the Attorney General has intervened to protect the state's interest, and they do not dictate to a federal appellate court whether representation of the state's or the class members' interests has been adequately undertaken. When both the State's Attorney General and the class representatives have decided that it is not in the state's interests to appeal, it is not the province of any one of the 1085 district, county, and city attorneys of the State to do so on the a priori basis that all others are out of step and that he alone knows the state's true interest.

In deciding who should speak for the state, it is important to consider the result of an adverse judgment against the state on appeal. Not only might the decision of the district court be affirmed[32] but the state might be required to pay the costs of appeal, including the attorney's fees taxable under § 1988.[33] If Hill or any of the multitude of prosecuting attorneys may take it on himself to appeal an adverse ruling, the expense would not fall on Hill or on the other Horatius at the constitutional bridge or on his city or county but on the state.[34]

Whatever Hill's interest in this case may be, it arises solely out of his official capacity as Potter County Attorney, as Hill

---

**28.** *See Kentucky v. Graham,* — U.S. —, —, 105 S.Ct. 3099, 3104, 87 L.Ed.2d 114 (1985); *Brandon v. Holt,* — U.S. —, —, 105 S.Ct. 873, 878, 83 L.Ed.2d 878, 885 (1985); *Hutto v. Finney,* 437 U.S. 678, 699–700, 98 S.Ct. 2565, 2578, 57 L.Ed.2d 522, 539–540 (1978).

**29.** *See* cases cited *supra* note 28.

**30.** *See New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.,* 732 F.2d 452, 464 (5th Cir.) (en banc), *cert. denied sub nom., Morial v. United Gas Pipe Line Co.,* — U.S. —, 105 S.Ct. 434, 83 L.Ed.2d 360 (1984).

**31.** *State v. Gary,* 163 Tex. 565, 359 S.W.2d 456, 458 (1962); *Shepperd v. Alaniz,* 303 S.W.2d 846 (Tex.Civ.App.—San Antonio, 1957, no writ).

**32.** *Cf. Hardwick v. Bowers,* 760 F.2d 1202 (11th Cir.1985).

**33.** 42 U.S.C. § 1988.

**34.** *See Brandon v. Holt,* — U.S. —, 105 S.Ct. 873, 878, 83 L.Ed.2d 878 (1985); *Hutto v. Finney,* 437 U.S. 678, 699–700, 98 S.Ct. 2565, 2578, 57 L.Ed.2d 522, 539–540 (1978); *Crane v. Texas,* 759 F.2d 412, 432 (5th Cir.1985), *reh'g denied,* 766 F.2d 193, 194 (5th Cir.1985).

states in his en banc reply brief. Hill asserts that his official interests have been inadequately represented by the class representatives and the State's Attorney General. The burden of proof, however slight, is on him.[35] He has not borne it.

## IV.

Soon after the founding of the Republic, the Supreme Court indicated that the power of judicial review should be exercised reluctantly, only because it is essential to the decision of the case before a federal court and because the Constitution and the laws of the United States, as the "Supreme Law of the Land," require it.[36] The justification for federal judicial review of the constitutionality of a federal or state legislative enactment rests upon these principles. As a corollary, the Supreme Court has espoused and this court has followed the prudential principle that a federal court should not and will not reach a constitutional question if it can rest its decision on nonconstitutional grounds.[37] As we stated in *Ramsay v. Bailey*,[38] "[h]owever novel and interesting may be these constitutional claims, it is our duty to decide this case on other grounds if possible." [39] The principle applies with equal force whether decision on the merits would uphold or reject constitutionality. If judicial restraint is a doctrine invoked only to achieve a desired result but to be ignored when following it would not be expedient, it ceases to be a principle and becomes but another rationalization by which judges may achieve their purpose.

Whether the Attorney General, District Attorney Wade, and City Attorney Holt have acted wisely or well in the interests of the State or in the interests of their constituents, are questions to be decided by the Texas electorate and by the institutions of Texas government.[40] It has not been properly shown that they have inadequately represented the interests of the State that they were elected to serve or the interests of the class that they were appointed to represent. From the decision to permit Danny Hill, in his official capacity as District Attorney of Potter County, one of 254 Texas counties, to intervene on appeal and to prosecute this appeal, I respectfully dissent.

**35.** *See Trbovich v. United Mine Workers,* 404 U.S. 528, 538 n. 10, 92 S.Ct. 630, 636 n. 10, 30 L.Ed.2d 686, 694 n. 10 (1972); *Bush v. Viterna,* 740 F.2d 350, 355 (5th Cir.1984).

**36.** *See Marbury v. Madison,* 5 U.S. (1 Cranch) 137, 2 L.Ed. 60 (1803); *see also Martin v. Hunter's Lessee,* 14 U.S. (1 Wheat.) 304, 4 L.Ed. 97 (1816).

**37.** *See Gulf Oil Co. v. Bernard,* 452 U.S. 89, 99, 101 S.Ct. 2193, 2199, 68 L.Ed.2d 693, 702 (1981); *Rescue Army v. Municipal Court,* 331 U.S. 549, 568–75, 67 S.Ct. 1409, 1419–23, 91 L.Ed. 1666, 1677–81 (1947); *Ashwander v. TVA,* 297 U.S. 288, 346–48, 56 S.Ct. 466, 482–84, 80 L.Ed. 688, 710–11 (1936) (Brandeis, J., concurring); *Rat-*

*cliff v. Estelle,* 597 F.2d 474, 478 (5th Cir.), *cert. denied,* 444 U.S. 868, 100 S.Ct. 143, 62 L.Ed.2d 93 (1979); *Universal Amusement Co. v. Vance,* 587 F.2d 159, 166 (5th Cir.1978) (en banc), *aff'd,* 445 U.S. 308, 100 S.Ct. 1156, 63 L.Ed.2d 413 (1980); *Ramsay v. Bailey,* 531 F.2d 706, 707 (5th Cir.1976), *cert. denied,* 429 U.S. 1107, 97 S.Ct. 1139, 51 L.Ed.2d 559 (1977).

**38.** 531 F.2d 706 (5th Cir.1976), *cert. denied,* 429 U.S. 1107, 97 S.Ct. 1139, 51 L.Ed.2d 559 (1977).

**39.** *Id.* at 707.

**40.** *See Baker v. Carr,* 369 U.S. 186, 217, 82 S.Ct. 691, 710, 7 L.Ed.2d 663, 685 (1962).