967 F.2d 1245
 22 Fed.R.Serv.3d 1108
 Kalima JENKINS, by her friend, Kamau AGYEI; Carolyn Dawson,
by her next friend Richard Dawson; Tufanza A. Byrd, by her
next friend, Teresa Byrd; Derek A. Dydell, by his next
friend Maurice Dydell; Terrance Cason, by his next friend,
Antoria Cason; Jonathan Wiggins, by his next friend
Rosemary Jacobs Love; Kirk Allan Ward, by his next friend,
Mary Ward; Robert M. Hall, by his next friend, Denise Hall;
Dwayne A. Turrentine, by his next friend, Shelia
Turrentine; Gregory A. Pugh, by his next friend, David
Winters, on behalf of themselves and all others similarly
situated; Appellees,
American Federation of Teachers, Local 691, Appellee,
v.
The STATE OF MISSOURI; Honorable John Ashcroft, Governor of
the State of Missouri; Wendell Bailey, Treasurer of the
State of Missouri; Missouri State Board of Education,
Roseann Bentley, Rev. Raymond McCallister, Jr., Susan D.
Finke, Thomas R. Davis (Presiding), Gary D. Cunningham,
Rebecca M. Cook, Sharon M. Williams, Members of the Missouri
State Board of Education, Robert E. Bartman, Commissioner of
Education of the State of Missouri, Appellees,
and
School District of Kansas City, Missouri and Claude C.
Perkins, Superintendent thereof, Appellees,
Icelean Clark; Bobby Anderton; Eleanor Graham; John C.
Howard; Craig Martin; Gay D. Williams; Kansas City Mantel
& Tile Co.; Coulas and Griffin Insurance Agency, Inc.;
Lucille Trimble; Berlau Paper House, Inc.; and Andrew J.
Winningham, Appellants.
 No. 90-2461.
 United States Court of Appeals,
Eighth Circuit.
 Submitted June 25, 1991.
Decided June 30, 1992.
 
 Mark J. Bredemeier, Kansas City, Mo., argued (Mark J. Bredemeier, Jerald L. Hill and Richard P. Hutchison, on the brief), for appellants.
 Bart Matanic, Jefferson City, Mo., argued (David S. Tatel, Patricia A. Brannan, Daniel B. Kohrman and Kevin J. Lanigan, Washington, D.C., Michael Thompson, Arthur A. Benson II and Doyle R. Pryor, Kansas City, Mo., and Michael J. Fields, Jefferson City, Mo., on the brief), for appellees.
 Before McMILLIAN, Circuit Judge, HEANEY, Senior Circuit Judge, and JOHN R. GIBSON, Circuit Judge.
 JOHN R. GIBSON, Circuit Judge.
 
 
 1
 Icelean Clark et alia appeal from the district court's[1] approval of a partial settlement in the Kansas City school desegregation case, Jenkins v. Missouri, No. 77-0420-CV-W-4. On July 23, 1990, the district court approved an agreement of the parties to the suit whereby the tax on property within the Kansas City, Missouri, School District would be raised $.96 per $100 of assessed valuation to pay for salary increases for KCMSD employees. The Clark group consists of various property owners within the district who object to the decision to raise taxes in this way. Before we can reach the propriety of the settlement, we must first decide whether this appeal lies, since there is question as to whether the Clark group filed an effective notice of appeal. As we conclude that it did not, we need not consider the substantive questions here presented. We dismiss the appeal.
 
 
 2
 The chronology of events leading up to this appeal is crucial to our holding. On July 3, 1990, the district court entered an order announcing a proposed settlement by the parties to the Jenkins litigation of certain issues involving KCMSD employee salary raises and a $.96 property tax increase that would be levied in the district, in part to fund the salary increases. The court held a hearing on the proposed settlement on July 17 and the Clark group's counsel argued against the settlement at the hearing. The district court approved the settlement on July 23, and the Kansas City school board actually voted to levy the tax on August 20.
 
 
 3
 On August 22, within the thirty day period for filing a notice of appeal, Fed.R.App.P. 4, the Clark group filed such a notice. At that point not only were they not parties to the suit, but they had not moved to intervene. On August 28, they finally moved to intervene "for the limited purpose of seeking appellate review of the July 23, 1990 order." The district court granted their motion on October 23, 1990, stating that the Clark group was entitled to intervene as of right under Fed.R.Civ.P. 24(a)(2) since under the settlement they would suffer a pecuniary loss and since no party to the action adequately represented the taxpayers' interests. Order of Oct. 23, 1990, slip op. at 2-6. The district court held that the motion to intervene was timely, stating that "once final judgment was entered, the taxpayers had a legal interest which satisfied the requirements of Rule 24." Id. at 6.
 
 
 4
 About the time the district court granted the motion to intervene, this court dismissed the Clark group's appeal for lack of jurisdiction because the would-be appellants were not parties to the Jenkins suit. Order of October 26, 1990. The Clark group sought rehearing and filed a second notice of appeal on November 23, 1990, some four months after the order appealed from. We obtained additional briefing and heard oral argument on the jurisdiction issue and the merits of the appeal.
 
 
 5
 We conclude that our initial assessment of the matter was correct--that no effective notice of appeal has been filed to confer jurisdiction on the court. When the Clark group filed its first notice of appeal, its members were not parties to this suit and had not even asked to become parties. "The rule that only parties to a lawsuit, or those that properly become parties, may appeal an adverse judgment, is well settled." Marino v. Ortiz, 484 U.S. 301, 304, 108 S.Ct. 586, 587, 98 L.Ed.2d 629 (1988) (per curiam). Accord Karcher v. May, 484 U.S. 72, 77, 108 S.Ct. 388, 392, 98 L.Ed.2d 327 (1987); United States v. City of Oakland, 958 F.2d 300, 301-02 (9th Cir.1992).
 
 
 6
 There are some exceptions to this rule; for instance, a non party may appeal an injunction that purports to bind the non party, Thompson v. Freeman, 648 F.2d 1144, 1147 n. 5 (8th Cir.1981). See generally 9 James W. Moore et al., Moore's Federal Practice p 203.06 (2d ed. 1991). The Clark group does not argue that any exception to the rule makes intervention unnecessary. The group does, however, cite to Baker v. Wade, 769 F.2d 289 (5th Cir.1985) (en banc), cert. denied, 478 U.S. 1022, 106 S.Ct. 3337, 92 L.Ed.2d 742 (1986), in which a member of a defendant class was permitted to appeal a judgment after the class representative abandoned its appeal on behalf of the class. After filing his notice of appeal as a non party, the class member moved for, and was granted, intervenor status in the Court of Appeals, and the Fifth Circuit decided the appeal on the merits. 769 F.2d at 291-92. Wade is distinguishable from this case, since a party had initiated the appeal. Judge Rubin's dissent in Wade points out that the majority did not hold that the non party class member's appeal was properly lodged, but rather that he would be permitted to intervene in the appeal first lodged, then abandoned by the class representative. 769 F.2d at 295. There was no underlying appeal in this case for the Clark group to intervene in; and, in any case, we are not persuaded that the Wade case was correctly decided, for reasons stated in Judge Rubin's dissent. 769 F.2d at 293-97.
 
 
 7
 We conclude that the first notice of appeal, filed before the intervention motion, was ineffective to confer jurisdiction on this court. The second notice of appeal was filed grossly out of time, with no attempt made to obtain any extension of the deadline for noticing the appeal. See Fed.R.App.P. 4(a)(4).
 
 
 8
 Thus, we have no jurisdiction over the appeal.
 
 
 9
 The Clark group's arguments cannot muddy these clear waters. The Clark group argues that it has been placed in a "procedural box from which there is no escape." They argue that they had no "justiciable interest" that had been "impair[ed]" until the school board voted to levy the $.96 increase on August 20, and that therefore it was impracticable for them to move for intervention before the time for appeal ran on August 22. This argument mistakes the nature of the "interest" requirement of Rule 24(a), and of the very concept of intervention. The language of the rule itself contemplates that the affected party can intervene in proceedings that "may" affect him before harm is done by execution of a court order. See Little Rock School Dist. v. Pulaski County Special School Dist., 738 F.2d 82, 84 (8th Cir.1984) ("The rule does not require, after all, that appellants demonstrate to a certainty that their interests will be impaired in the ongoing action. It requires only that they show that the disposition of the action 'may as a practical matter' impair their interests.") (emphasis in original). A party claiming an interest in the litigation does not have to wait until he has suffered irreparable harm before he has an interest permitting intervention under Rule 24(a). The Clark group had clear notice as early as July 3 that all the parties to the litigation had agreed to the tax hike. On July 23 the court approved the settlement; at that time (at the very latest) the taxpayers had an interest protectible by intervention as of right.
 
 
 10
 The Clark group further argues that even if its members had moved to intervene sooner, they probably would not have received a ruling from the district court on their motion in time to file a notice of appeal. We have no way of knowing whether they would have received such a ruling in time to appeal, because they made no motion at all until the time for appeal was already gone. See United Airlines, Inc. v. McDonald, 432 U.S. 385, 396, 97 S.Ct. 2464, 2471, 53 L.Ed.2d 423 (1977) (holding a motion to intervene for purposes of appeal was timely because it was filed within the period in which the parties could have taken an appeal); In re Grand Jury Proceedings (Malone), 655 F.2d 882, 885 n. 2 (8th Cir.1981) (motion to intervene in appeal filed within time to appeal). If they had moved promptly for intervention, and perhaps had asked for an expedited decision or an extension of the time to appeal, Fed.R.App.P. 4(a)(5), the "procedural box" argument would have considerable force. Since they did none of those things, we are not troubled by this argument.
 
 
 11
 In light of the Clark group's failure to make a timely motion to intervene and the consequent failure to file a timely notice of appeal, the district court's October 23, 1990, ruling granting the group intervenor status cannot breathe life into rights already foregone.
 
 
 12
 We therefore dismiss the appeal for lack of jurisdiction. As an epilogue, we observe that though we do not reach the merits of this appeal due to jurisdictional defect, we have studied the parties' briefs and they demonstrate that we are being asked to review an order for abuse of discretion. Were we to consider this issue, suffice it to say that no showing has been made that there was an error of law or an abuse of discretion in approving the settlement.
 
 
 
 [1]
 The Honorable Russell G. Clark, Senior United States District Judge for the Western District of Missouri