POLITZ, Chief Judge,
with whom, JOHNSON, KING and WIENER, Circuit Judges,
join dissenting:
I respectfully dissent. The parties have moved for remand of this action to the district court for consideration of a proposed settlement. Remarkably, the majority denies that motion despite the fact that our jurisprudence long has favored settlement as the preferred mode of dispute resolution,[1] permitting avoidance of unnecessary monetary and emotional costs and the risks attendant in all litigation.[2] We have long recognized that the parties to an action “have a right to compromise their dispute on mutually agreeable terms.”[3] There is nothing about this action against the State of Texas that would warrant abrogation of that well-established rubric.[4] The Governor and Attorney General, joined by a majority of both *899 houses of the Texas Legislature, have made manifest their desire to compromise this action. In its headlong rush to reach the merits, the majority suggests no persuasive, much less compelling, reason for the jettisoning of the preferred manner of dispute resolution. I would grant the motion to remand.
Stripped to essentials, the majority asserts that Attorney General Morales lacks authority to settle this matter on behalf of the State because of the opposition by Chief Justice Phillips and Judges Entz and Wood. I find this nothing- short of incredible. This action challenges the scheme for election of district judges in Texas. The real party in interest herein is the State of Texas.[5] As its chief legal officer, the Attorney General “has broad discretionary power in conducting his legal duty and responsibility to represent the State,”[6] including authority to propose and execute settlement agreements in reapportionment cases.[7] That is what the Attorney General seeks to do in this case.[8] The Attorney General has the active assent of the Governor, Lieutenant Governor, and a majority of both houses of the Texas Legislature. Pray tell, what more do we need to accept the proposed settlement as being made on behalf of the State of Texas?
That Chief Justice Phillips has voiced an objection does not alter the certainty that the State of Texas, through its authorized spokesman, wishes to settle this matter. As chairman of the Judicial Districts Board, Chief Justice Phillips has a measure of authority over judicial apportionments. We cannot ignore, however, that the Board’s authority in this area — and hence that of the Chief Justice — is entirely subject to the will of a majority of the legislature[9] which has, albeit in a nonbinding fashion, agreed to the proposed settlement.[10] Further, the status of the Chief Justice in the Texas judiciary does not carry with it the authority to speak ex cathedra for the state on policy matters affecting the judiciary which are unrelated to *900 the decisions of specific cases.[11] That the plaintiffs, probably out of an abundance of caution, joined the Chief Justice as a defendant in this action should not preclude settlement. No one,may seriously suggest that this voting rights case could not have progressed to a definitive conclusion without the presence of the Chief Justice. The awesome decision to deny parties an opportunity to compromise and settle their case, much less a case as important as that here presented, must be based on a much more solid, indeed a compelling basis.
I would remand this case to the district court for consideration of the proposed consent decree.

. Williams v. First Nat’l Bank, 216 U.S. 582, 595, 30 S.Ct. 441, 445, 54 L.Ed. 625 (1910); see also, e.g., Carson v. American Brands, Inc., 450 U.S. 79, 86-88, 101 S.Ct. 993, 997-98, 67 L.Ed.2d 59 (1981) (potential loss by parties of opportunity to settle constitutes "serious, perhaps irreparable, consequence" of district court's refusal to enter consent decree making such ruling immediately appealable); Bass v. Phoenix Seadrill/78, Ltd., 749 F.2d 1154 (5th Cir.1985); In re Chicken Antitrust Litigation, 669 F.2d 228 (5th Cir. Unit B March 1982); United States v. City of Alexandria, 614 F.2d 1358 (5th Cir.1980); cf. Fed.R.Civ.P. 68 (recipient of settlement offer must pay costs incurred after receipt where judgment ultimately obtained is not as good as offer); Fed.R.Evid. 408 (evidence of good faith settlement negotiation inadmissible as proof of liability or claim value at trial).

. Local No. 93, Int’l Ass’n of Firefighters v. City of Cleveland, 478 U.S. 501, 528-29, 106 S.Ct. 3063, 3079, 92 L.Ed.2d 405 (1986); United States v. City of Miami, 664 F.2d 435, 439 (5th Cir.1981) (citing United States v. Armour & Co., 402 U.S. 673, 91 S.Ct. 1752, 29 L.Ed.2d 256 (1971)) (en banc) (plurality opinion).

. City of Miami, 664 F.2d at 440.

. See Chisom v. Edwards, 970 F.2d 1408 (5th Cir.1992) (granting joint motion to remand to effectuate settlement in Louisiana voting rights case).

. The State is the real party in interest in an action against one of its officials in her official capacity. Will v. Michigan Dep’t of State Police, 491 U.S. 58, 71, 109 S.Ct. 2304, 2311, 105 L.Ed.2d 45 (1989); Kentucky v. Graham, 473 U.S. 159, 165-66, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985). The plaintiffs here named as defendants the Governor of Texas, the Attorney General, the Secretary of State, and the Chief Justice of the Supreme Court as chair of the Judicial Districts Board, all in their official capacities. In short, the plaintiffs have sued the State of Texas.

. Terrazas v. Ramirez, 829 S.W.2d 712, 721 (Tex.1991) (citing Tex. Const. art. 4, § 22; Tex.Gov't Code § 402.021; further citations omitted).

. Terrazas, 829 S.W.2d at 722; id. at 747 (Mauzy, J., dissenting) (at least seven justices agree that "[tjhe attorney general is constitutionally empowered to execute a settlement agreement in litigation challenging a legislative redistricting plan.”).

. The majority also makes much of the fact that the consent decree allows the State of Texas to take actions which would otherwise be prohibited by state law. I do not think that consideration of the merits of the proposed consent decree is appropriate at this juncture. We are a court of errors; the district court should have an opportunity to conduct a hearing and determine whether to enter the consent decree before we decide the merits of such action.
I further note that although courts generally must defer to state apportionment policy in fashioning the remedy for a violation of Section 2, district courts have equitable power to depart from state law if necessary. See, e.g., White v. Weiser, 412 U.S. 783, 797, 93 S.Ct. 2348, 2355, 37 L.Ed.2d 335 (1983) (Constitution and Voting Rights Act limit judicial deference to state apportionment policy). If the court ultimately concludes that there is a reasonable factual and legal basis for finding such a violation, see City of Miami, 664 F.2d at 441, the exercise of such powers by way of a consent decree may be appropriate.

. See Tex. Const. art. 5, § 7a(h) ("Any judicial reapportionment order adopted by the board must be approved by a record vote of the majority of the membership of both the senate and house of representatives before such order can become effective and binding.”).

. Chief Justice Phillips’s limited authority in this area distinguishes the case at bar from Baker v. Wade, 769 F.2d 289 (5th Cir.1985) (en banc), heavily relied upon by the majority. Unlike the district attorney in that case, who enjoyed specific authority under state law to represent the state and bring prosecutions under the statute there at issue, Chief Justice Phillips enjoys neither independent authority over judicial apportionment nor express authority to represent the state.

. This proposition applies equally to Judges Entz and Wood. Further, because the proposed consent decree will not affect their constituencies, Judges Entz and Wood do not gain standing to challenge the consent decree because of their status as office holders. City of Cleveland, 478 U.S. at 528-29, 106 S.Ct. at 3079; City of Miami, 664 F.2d at 447 ("the parties to litigation are not to be deprived of the opportunity to compose their differences by objections that find no basis in prejudice to the objector”). Finally, the majority opines that the status of Judges Entz and Wood as voters in Harris County somehow clothes them with authority to block a settlement favored by competent state authorities. While the district courts certainly should permit input from such intervenors when considering entry of a consent decree, to accord them what amounts to a veto, as the majority does, would effectively preclude settlement of any Section 2 litigation'— an absurd and unconscionable result which I refuse to embrace. See City of Cleveland, 478 U.S. at 529, 106 S.Ct. at 3079 ("[Wjhile an intervenor is entitled to present evidence and have its objections heard at the hearings on whether to approve a consent decree, it does not have power to block the decree merely by withholding its consent.”). Extending the majority’s analysis would result in any voter being able to block settlement of any suit against the state or one of its subdivisions. That simply cannot be. See Apache Bend Apts. v. United States, 987 F.2d 1174 (5th Cir.1993) (era banc).